## Keeler's Estate

*Franklin C. Hutchinson* and *Charles F. Eggleston*, for petitioners.

*George Wanger* and *Harold W. Spencer*, for claimants.

*Larzelere & Wright*, for trustees.

HOLLAND, P. J., February 17, 1941.—Henry S. Keeler, decedent, in his will, gave all his property in trust to pay

the income to his wife, Ida Keeler, and at her death gave several legacies, among which, by clause H of his will, he provided as follows:

"I give and bequeath to the Trustees of the First Methodist Episcopal Church of Norristown, Pa., in trust, Ten thousand dollars, ($10,000), and direct that at such time as in their opinion it shall be expedient, they shall invest so much of said Trust Fund as may be necessary for the purchase of a suitable farm of not less than (30) acres and located within a distance not exceeding three miles from the Borough of Norristown. Said farm to be used as a Home for indigent members of the Methodist Episcopal Churches in the County of Montgomery and State of Pennsylvania, who have been members of any of the said Churches in good standing for at least five years and have resided in Montgomery County for at least five years. Any money that may be left after the purchase of the farm as aforesaid, shall be used for the maintenance of the said Home."

The court appointed Norristown-Penn Trust Company trustee of the trust under clause H of the will and the legacy was awarded to it and administered by it until the death of Ida Keeler. At the death of Ida Keeler, the trustee filed its account, and by adjudication of this court confirmed May 4, 1931, the balance for distribution in the sum of $9,500 was awarded to the trustees of Asbury Methodist Episcopal Church of Norristown, in trust to carry out the terms of the trust as contained in the said clause H of the will.

Ida Keller having died as aforesaid, her will was probated, in which she gave the entire residue of her estate to the same trustees of the First Methodist Episcopal Church of Norristown (the successor of which is Asbury Methodist Episcopal Church of Norristown), in trust, to use the income for the maintenance of the home specified in paragraph H as aforesaid of her deceased husband's will above quoted at large. Norristown-Penn Trust Company, the executor named therein, filed its account,

and by adjudication confirmed August 13, 1935, the said residue of the estate of Ida Keeler was awarded to the trustees of Asbury Methodist Episcopal Church of Norristown in the sum of $23,000.02. This trust under the will of Ida Keeler is the subject matter of a separate proceeding which is disposed of under even date herewith.

The trustees of Asbury Methodist Episcopal Church of Norristown, petitioners, having found it impossible to carry out the trust created under clause H of the will of Henry S. Keeler, the fund therein provided, even together with the fund provided under the will of Ida Keeler, being hopelessly insufficient for the purpose, filed their petition March 24, 1937, praying that a citation be awarded directed to all the parties in interest to show cause why the award made upon the trustee's account confirmed May 4, 1931, contained in the adjudication upon said account, to petitioners, should not be revoked, and the fund, together with accumulated income, awarded to the Methodist Episcopal Home for the Aged of Philadelphia, the income to be used for the support and care of indigent members of the Methodist Episcopal churches in the County of Montgomery, the class of persons indicated under said clause H of the will of decedent as the beneficiaries of the trust. Answers were filed by the trustee and by George T. West. Under date of March 24, 1937, a petition was filed by a number of petitioners who would be heirs at law of Henry S. Keeler under the intestate law. This petition prayed for the termination of the trust. The petition was later abandoned, but we will regard it as an answer by these parties to the petition of the trustees of the Asbury Methodist Church.

All interested persons having been served or having answered the petition, a hearing was had March 18, 1938, additional information requested by counsel for the heirs under the intestate law was furnished and filed December 2, 1938, a hearing was had May 19, 1939, depositions having been taken by Mr. Wagner were filed June 13,

1939, Mr. Hutchinson and Mr. Wanger having stipulated as to the taking of the depositions. In accordance with said stipulation Mr. Hutchinson filed an objection to the relevancy of said depositions on June 26, 1939. Subsequent thereto, Mr. Wanger, counsel of record for George T. West, died, and no further action was taken in the matter, it being deemed contrary to the proper interest of the said George T. West until he should have an opportunity to engage other counsel. At a later date, Harold W. Spencer appeared as his counsel, and recently filed a brief in his behalf.

It having been argued during the proceedings that the cy pres doctrine should apply, and that the adjudication should be opened and amended so as to award the fund to the Methodist Episcopal Home for the Aged of Philadelphia to carry out the approximate intent of testator, the court suggested to petitioners that they prepare a written suggestion or proposed plan. Such a plan was prepared and filed by counsel for petitioners on December 23, 1938.

The evidence clearly demonstrated that it was impossible to perform the trust and put it into execution exactly as designated by testator. Even though no evidence had been taken at all, it is perfectly plain from stating the terms of the clause erecting the trust that it would be impossible to perform it. The clause directs that approximately $10,000 is to be invested in a farm about three miles from Norristown, consisting of 30 acres, and that the home is to be established there for indigent Methodists of Montgomery County having the qualifications specified in the clause. Any money not necessary for the purchase and adaptation of the farm property for the home is to be used for maintenance.

It is quite apparent on the face of it that, even though the farm were given to the trustees and the entire fund of approximately $10,000 devoted to maintenance, the interest on such a fund would not maintain a home. It is equally obvious that, even with the assistance of the in-

come of the fund left by testator's wife, Ida Keeler, in the sum of approximately $25,000, the income of the combined funds would be insufficient to maintain a home. The court, therefore, is put to the decision as to whether the cy pres doctrine should be applied, and the intention of testator approximated, so that the trust would be upheld and continued by a method other than the exact method designated by testator, or whether testator should be found to be intestate with reference to the fund, and it go to his heirs under the intestate law at the time of his death. Petitioners, having had the fund awarded to them, have found that the trust as exactly specified by testator is impossible of performance.

Referring to what constitutes the cy pres doctrine in Pennsylvania, we said in McCann's Estate, 39 D. & C. 215, 221:

"It is, briefly stated, that rule of equity that, where a trust is about to fail for any reason whatever, whereby its exact terms cannot be carried out, such imminent failure will be forestalled and prevented by the court of proper jurisdiction awarding the fund in trust for a cognate or similar purpose approximating the general intent of the testator or settlor as far as possible, provided, that such trust is in its general character for a religious, charitable, or publicly beneficial purpose."

It is even more clearly stated and clarified in Wilkey's Estate, 337 Pa. 129, which latter case applies particularly to this case on account of the similarity of the facts, and practically controls the decision of this case now before us.

The plan proposed by petitioners, which is filed of record in these proceedings, to approximate the intention of testator under the cy pres doctrine, is as follows:

"1. The balance of principal and income remaining in the possession of the Norristown-Penn Trust Company, trustee by appointment of court under the will of Henry S. Keeler, deceased, shall be awarded to the Methodist Episcopal Home for the Aged of Philadelphia, to be added

to its endowment fund and said institution shall mark two rooms in said home with bronze memorial plates in the names of Henry S. Keeler and Ida Keeler.

"2. The balance of principal and income remaining in the possession of the Norristown-Penn Trust Company, executor under the will of Ida Keeler, deceased, shall be awarded to the Methodist Episcopal Home for the Aged of Philadelphia, to be held in a fund to be known as the Henry S. Keeler and Ida Keeler Memorial Fund, the income from which shall be used to pay the entrance fees for any indigent members of the Methodist Episcopal Churches in the County of Montgomery and State of Pennsylvania, who have been members of any of the said churches in good standing for at least five years and have resided in Montgomery County for at least five years, and who are not able to pay the required entrance fee, upon said applicants being reached as eligible for entrance into said home. Any excess income shall be accumulated and shall be used for the purposes aforesaid."

It is the opinion of this court that the adoption of this plan will be a proper application of the cy pres doctrine, and approximate, as near as may be, the exact intention of testator without adopting the exact method suggested by him, which has been proven to be impossible of performance. The plan provides a sure and certain safekeeping of the fund by an organization affiliated with and controlled by the Methodist Episcopal Church of which testator was a member, provides for the individuals specified to enjoy the benefits of the trust, and appropriately memorializes both testator and his wife, Ida Keeler.

And now, February 17, 1941, the adjudication upon the trustee's account, confirmed May 4, 1931, is opened, and amended to the effect that the award of the balance for distribution is revoked as therein contained, and the said balance for distribution, together with all accumulations of income thereon, is awarded to the Methodist Episcopal Home for the Aged of Philadelphia to be ad-

ministered in perpetuity in accordance with the plan here-inabove set out in full. All costs are to be paid out of the fund and there is awarded out of said fund to Larzelere & Wright, attorneys for Norristown-Penn Trust Company, the trustee, a fee of $200. There is also awarded out of the said fund to Franklin C. Hutchinson and Charles S. Eggleston, counsel for trustees of Asbury Methodist Episcopal Church of Norristown, a fee of $250.

Counsel for Norristown-Penn Trust Company, trustee of the fund, is directed to file a schedule of distribution in duplicate.